IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TIMOTHY ADDISON LONG,

    Petitioner,

v.                                                                    Civil Action No. 3:18-CV-049-JAG

DEEP MEADOW CORRECTIONAL CENTER,

    Respondent.

## OPINION

Timothy Addison Long, a Virginia state prisoner, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). The respondent, Deep Meadow Correctional Center ("Deep Meadow"), moves to dismiss because the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition, and Long has procedurally defaulted on his claims. For the reasons that follow, the § 2254 Petition will be dismissed.

### I. FACTS

Long worked as a police officer in Farmville, Virginia from 2002 to 2011. In 2011, he was diagnosed with depression and post-traumatic stress disorder ("PTSD") following a particularly gruesome homicide that he investigated. On February 9, 2013, Long overdosed on his medication and mixed it with alcohol in an attempt to kill himself, and then set fire to his family home. When law enforcement arrived in response to the fire, he fired shots towards them. Long later told the police that he was aiming above them and did not intend to hurt them.

## II. PROCEDURAL HISTORY

### A. *State Proceedings*

On October 9, 2013, the Charlotte County Circuit Court convicted Long of arson, pursuant to his guilty plea. Although the sentencing guidelines recommended no incarceration, on January 6, 2014, the court sentenced Long to 25 years of imprisonment, with 15 years suspended. Long filed a motion to reconsider his sentence, which the court denied, but he did not appeal.

On April 19, 2017, Long, by counsel, filed a petition for writ of habeas corpus with the Supreme Court of Virginia. On October 6, 2017, the court found that the state petition was time-barred because the two-year period to file expired on January 6, 2016. *See* Va. Code Ann. § 8.01-654(A)(2) (providing that a habeas petition challenging a criminal sentence must be filed within two years from the date of the trial court's final judgment, or one year from the later of the final disposition of the direct appeal or the expiration of the time to appeal).

### B. *Federal Habeas Petition*

On January 22, 2018, Long filed a petition for writ of habeas corpus in this Court, challenging his arson conviction and sentence. Long claims (1) ineffective assistance of counsel, and (2) that his sentence is unconstitutional because it is grossly disproportionate to other sentences for the crime he committed.

# III. DISCUSSION[1]

## A. *Statute of Limitations*

Deep Meadow contends that the federal statute of limitations bars Long's habeas petition. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year limitation period for a person in custody pursuant to a state court judgment to petition for a writ of habeas corpus. 28 U.S.C. § 2244 now reads in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

28 U.S.C. § 2244(d)(1).

The trial court entered Long's judgment on January 6, 2014. Long had thirty days to seek appellate review. Long did not appeal, and thus, his judgment became final on February 5, 2014. Accordingly, Long had one year, or until February 5, 2015, to file a petition pursuant to 28 U.S.C. § 2254. Long filed this § 2254 Petition on January 22, 2018, nearly three years after the period expired.

## B. *Equitable Tolling*

Because the statute of limitations has expired, Long attempts to invoke equitable tolling for his § 2254 petition. Equitable tolling applies to the statute of limitations under § 2244(d) only "in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he

---

[1] The Rule 12(b)(6) standard applies to a motion to dismiss a § 2254 petition. *Walker v. Kelly*, 589 F.3d 127, 138 (4th Cir. 2009). A motion to dismiss under Rule 12(b)(6) tests the petition's legal sufficiency and requires the court to accept all facts pleaded as true. *Id.* at 139.

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). The Fourth Circuit has made clear that equitable tolling is not easily invoked. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) ("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."). Long fails to meet this exacting standard.

Long argues that he had "no knowledge of the legal process or the statutory deadline for federal habeas relief." (Dk. No. 1, at 7.) He also argues that his mental illness prevented him from understanding filing deadlines. First, the Court cannot equitably toll the statute of limitations based on Long's lack of knowledge about the legal process or the statutory deadline. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Second, courts will only apply equitable tolling in instances of "profound mental incapacity," such as institutionalization or adjudged mental incompetence. *Id.* at 513. Long "must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected [his] ability to file a timely habeas petition." *Robison v. Hinkle*, 610 F. Supp. 2d 533, 539 (E.D. Va. 2009) (alteration in original). The Court cannot grant equitable tolling based on a conclusory allegation that Long's mental illness caused his failure to file on time. *See id.* at 539–40.

The Fourth Circuit has not specified the criteria for determining whether a petitioner suffers from a mental incapacity that warrants equitable tolling. *Langley v. Dir.*, No. 2:09CV436, 2010 WL 2483876, at *7 (E.D. Va. May 28, 2010), *report and recommendation*

*adopted*, No. 2:09CV436, 2010 WL 2483881 (E.D. Va. June 16, 2010). Courts in this district, however, have weighed the following factors: (1) whether a legal adjudication has declared the petitioner incompetent; (2) whether the petitioner was "able to pursue legal action during the period of his or her alleged incapacity," *see Sosa*, 364 F.3d at 513; and (3) whether the petitioner's symptoms and response to treatment, as evidenced by medical records, if available, show an inability to file a timely habeas petition. *Langley*, 2010 WL 2483876, at *7.

Long alleges that he suffers from PTSD, depression, anxiety, and dysphoric thoughts. As to the first factor, the state court record does not reveal any finding of incompetency, which undermines Long's position. (*See, e.g.*, Charlotte Cty. Plea Hrg. 6:14–25.) Turning to the second factor, no facts indicate that Long either pursued legal action during the limitation period or that he was incapable of doing so. Thus, this factor does not sway the Court in either direction. Under the third factor, Long fails to demonstrate that he had symptoms so severe or untreatable as to prevent him from filing his habeas petition on time. This alone precludes Long from satisfying the final factor, but the record provides further support.[2] Long's mental condition improved after his arrest. In his presentence investigation report, Long stated that he started taking new medication after his arrest and was "feeling like [his] old self again." (Va. Sup. Ct. R. at 42.) At trial, George Davis, Long's stepfather, testified that he saw "dramatic improvement and change" in Long's demeanor since the offense date and that Long was "back to probably like he was before any of this happened, before the murders. He talks, makes sense." (Charlotte Cty. Sent. Tr. 65:18–66:2.) Considering all three factors, Long fails to show that his mental illness justifies equitable tolling.

---

[2] A court deciding a motion to dismiss a § 2254 petition may consider materials from a state habeas record without having to convert the motion to one of summary judgment. *Walker*, 589 F.3d at 139.

5

Even if Long demonstrated a debilitating mental illness, he still fails to show a causal connection between his mental illness and his inability to file a timely federal habeas petition. *See Hinton v. Clarke*, No. 3:12CV136, 2013 WL 653334, at *5 (E.D. Va. Feb. 21, 2013). "Courts have consistently held that a failure to link a mental condition to a failure to file a timely petition is fatal to a petitioner's claim for equitable tolling." *Robison*, 610 F. Supp. 2d at 543. In *Robison*, the petitioner alleged that he suffered from PTSD, depression, and suicidal tendency, and that his medications rendered him mentally incapacitated. *Id.* at 536–38. In support of these claims, the petitioner attached numerous documents, such as the results from his initial screening and assessment at two institutions, the results of his mental exam, various notes from therapy appointments, and trial testimony of an expert witness. *Id.* at 537. Even in the face of this documentation, the *Robison* court held that the petitioner did not demonstrate that his mental illness caused his failure to file a timely habeas petition. *Id.* at 543.

Here, Long does not indicate that his mental illness incapacitated him during the relevant period, or that any mental illness prior to his conviction had any bearing on his untimely filing. Long's bare allegations that he suffers from PTSD, depression, and anxiety do not demonstrate a causal connection to his inability to file on time. *See id.* at 539. Moreover, the record shows that his mental condition at the time of his crime improved significantly after he started taking new medication in prison, further undermining any causal connection.

Long fails to allege a mental condition that warrants equitable tolling and fails to establish a causal connection between his mental illness and his untimely petition. Accordingly, the Court will not toll the statute of limitations based on Long's mental illness.[3]

---

[3] Statutory tolling, which tolls the limitations period during the pendency of a properly filed state habeas petition, does not save Long's late filing, either. 28 U.S.C. § 2244(d)(2). Long filed his state habeas petition after the state statute of limitations had expired, so it was not "properly

## IV. CONCLUSION

For these reasons, the Court grants Deep Meadow's motion to dismiss, denies Long's § 2254 Petition, and dismisses the case.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A judge will not issue a COA unless a prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petition satisfies this requirement only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No facts or law suggest that Long is entitled to further consideration in this matter. The Court therefore denies a COA.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: July 16, 2018
Richmond, VA

/s/ John A. Gibney, Jr.
United States District Judge

---

filed." See *Pace*, 544 U.S. at 413. Moreover, because the Court dismisses on statute of limitations grounds, this Opinion will not discuss procedural default. Nevertheless, the Court notes that, as with his tolling argument, Long's assertion that his mental illness enables him to overcome the default would not succeed. See *Farabee v. Johnson*, 129 F. App'x 799, 802–04 (4th Cir. 2005).